## Appeal of THE BUFFALO SLAG CO.          Docket No. 1161.

The Board has jurisdiction of an appeal involving a deficiency in tax determined by the Commissioner subsequent to the enactment of the Revenue Act of 1924.

An assessment made prior to the enactment of the Revenue Act of 1924, while an appeal was pending before the Commissioner, undetermined, is not such a determination as will deprive the Board of jurisdiction of an appeal based on a letter from the Commissioner to the taxpayer disposing of the case on its merits, such letter being mailed after the enactment of the Revenue Act of 1924.

Submitted February 18, 1925; decided March 16, 1925.

*Harold C. Anderson, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

### Before IVINS, KORNER, and MARQUETTE.

### FINDINGS OF FACT.

1. The taxpayer is a New York corporation with its principal office at Buffalo, N. Y. On December 18, 1922, the Commissioner forwarded to the taxpayer a registered letter advising it of a proposed additional assessment of income and profits taxes for the year 1917 in the amount of $3,885.87, and of an overassessment for the year 1916 in the amount of $119.07. This letter advised taxpayer that in accordance with section 250(d) of the Revenue Act of 1921, a period of 30 days would be granted within which taxpayer was privileged to file an appeal from such proposed assessment. On January 11, 1923, within the 30-day period, the taxpayer filed its appeal wherein exception was taken, (1) to a proposed disallowance in invested capital of a certain contract for which the taxpayer had issued shares of its capital stock, and (2) to the disallowance of depreciation over the life of that contract. It appears that the taxpayer also asked for special assessment under section 210 of the Revenue Act of 1917. The appeal contained a request for a hearing. No hearing was accorded the taxpayer on this appeal and it received no communication relative thereto until July 27, 1923.

2. On July 27, 1923, the Commissioner forwarded to the taxpayer a registered letter identical in form to the letter dated December 18, 1922. This letter advised the taxpayer that an examination of its tax returns, books, accounts, and records, disclosed an additional tax liability for the year 1917 in the amount of $2,412.37. No mention was made of the year 1916 nor was reference made to the appeal or protest filed by the taxpayer on January 11, 1923. The letter of July 27, 1923, advised the taxpayer that, in accordance with section 250(d) of the Revenue Act of 1921, a period of 30 days would be granted within which to file an appeal from the proposed assessment of the additional liability set out in that letter.

3. On August 14, 1923, within the 30-day period allowed for taking its appeal, the taxpayer filed an appeal from the registered letter

of July 27, 1923. In this appeal the taxpayer called attention to the claims made by it in its appeal of January 11, 1923, and thereupon directed its proof and argument to the support of its contentions relative to the contract referred to in paragraph 1 of these findings. Pursuant to this appeal a conference was held between the taxpayer and the representatives of the Commissioner, at which conference it appears that the Government conferees admitted the contract in question to be a tangible asset, as contended for by taxpayer, and depreciable over the term of its life, and that it was properly includable in taxpayer's invested capital. At that conference the taxpayer was granted until October 15, 1923, in which to file data in support of the *value* of the contract in question. Accordingly, on October 12, 1923, the taxpayer filed documentary evidence (including certain affidavits), together with a supplemental brief, in support of its contentions respecting such valuation.

4. On December 8, 1923, the taxpayer inquired of the Commissioner as to the status of the case. On December 9, 1923, the Commissioner assessed the tax and listed the same for collection. The taxpayer was not advised of such assessment by the Commissioner and first received notice thereof when called upon by the collector to pay the assessment. This was about January 16, 1924. On January 19, 1924, the taxpayer, through its representative, called upon the chief of the special assessment section of the Bureau of Internal Revenue, the official in charge of this case, and called his attention to the fact that taxpayer had filed briefs and data on October 12, 1923, as requested by the bureau, and that it was evident no consideration had been given thereto. The bureau official took this matter under advisement and on the following day advised the taxpayer's representative that its contention in this respect was correct; that the bureau had made the assessment through error; that the assessment would have to be "held up" until consideration could be given to the evidence and argument filed by the taxpayer on October 12, 1923, and that the collector would be so advised in the premises.

5. About the middle of February, 1924, the taxpayer received from the bureau the following letter:

FEBRUARY 13, 1924.
BUFFALO SLAG CO., INC.
    *1070–2 Ellicott Square, Buffalo, N. Y.*

SIRS: Reference is made to your appeal with regard to the determination of your tax liability for the calendar year 1917 under the provisions of section 210 of the Revenue Act of 1917.

You are advised that your appeal *will be given careful consideration* and you will be informed of any further action taken in the case.

However, the limitation of time within which *to assess any additional tax which may be found to be due* precludes a careful consideration of all facts in the case. It is, therefore, requested that you execute and return to this office the enclosed form of waiver, by which you will note that you agree to an extension of time of one year beyond the statutory period of limitation as extended by any waivers already on file with the Bureau, *within which additional tax may be assessed, if any is found to be due* for the year or years mentioned. Conversely, the limitation imposed by law on overassessments is also about to expire, after which a refund or credit cannot be made of any amount ultimately found to have been overassessed unless a claim is filed before the expiration of such limitation. It is, therefore, suggested, in your interest, that you also prepare a claim upon the enclosed Form 843, specifically setting forth

in such claim, the grounds or basis of the apparent overassessment, which in your case is a claim for relief under the above-mentioned section of the Revenue Act of 1917.

The claim should be properly signed by a duly authorized person and sworn to before a notary public (or any other officer authorized to administer oaths for general purposes) and should be filed immediately with the Collector of Internal Revenue for your district in which the tax was assessed or paid. The accompanying copy of this letter should be attached to the claim when filed.

Respectfully,

J. G. BRIGHT,
*Deputy Commissioner.*
By CHIEF OF SECTION.

(Italics ours.)

The Form 843 referred to in the letter is the Treasury Department form for presenting a claim for abatement or refund of taxes. Early in March (the exact date does not appear) the taxpayer filed with the collector a claim for abatement of the assessment above referred to, and on the face of this claim for abatement the taxpayer made reference to Bureau letter of February 13, 1924, above quoted, and stated that the claim was filed in accordance therewith. The taxpayer likewise filed a waiver as requested by Bureau letter of February 13, 1924.

6. This matter was then referred by the Commissioner to the Special Committee on Appeals and the taxpayer was advised as follows:

TREASURY DEPARTMENT,
*Washington, May 14, 1924.*

OFFICE OF COMMISSIONER OF INTERNAL REVENUE.
SpCA
MARWICK, MITCHELL & Co.,
*248 Fourth Avenue, Pittsburgh, Pa.*

SIRS: In re: Appeal of Buffalo Slag Co., Buffalo, New York, for the year 1917.

You are advised that Thursday, July 31, 1924, at 10:30 A. M., has been set by the Special Committee on Appeals for oral hearing of your appeal before a member of the Committee in room 2282, Treasury Annex Two, 14th and B Streets N.W.

In accordance with the provisions of Treasury Decision 3492, this hearing, *which is presumed to be final,* should not be made the occasion for the presentation of new evidence other than that previously submitted to the Income Tax Unit.

If counsel or taxpayer fails to appear on the above date, the Committee will dispose of the case on the basis of the facts contained in the record. A postponement will be considered only upon submission of a sufficiently urgent reason, filed in writing with the Special Committee on Appeals in advance of the date set for hearing.

In the event that an oral hearing is not desired, it may be waived without prejudice.

Respectfully,

JOSEPH K. MOYER,
*Chairman, Special Committee on Appeals.*

(Italics ours.)

Taxpayer held a conference in this matter with the Special Committee on Appeals on May 27, 1924. As a result of this conference taxpayer on June 6, 1924, filed further and supplemental information relative to the basis of valuation of the contracts in question.

7. The final hearing in the case in the Bureau took place on July 31, 1924. The taxpayer received no further advice or communica-

tions from the Bureau until soon after November 4, 1924, when it received the following letter:

TREASURY DEPARTMENT,
*Washington, November 4, 1924.*

OFFICE OF COMMISSIONER OF INTERNAL REVENUE

Address reply to Commissioner of Internal Revenue and refer to IT: E: SM, SBD—8603.

BUFFALO SLAG COMPANY,
*1070 Ellicott Square, Buffalo, New York.*

SIRS: Reference is made to your corporation income and excess profits tax returns for the calendar year 1917.

You are advised that the Bureau of Internal Revenue in *recommendation dated August 25, 1924,* has sustained the action of the Income Tax Unit in denying your contention for the value of $50,000 for the contract entered into in March, 1913, and depreciation thereon.

*The recommendations as approved,* states in substance that the contract was without value at the time it was turned over to the corporation, due to the fact that earnings prior to incorporation were very small, and any subsequent earnings have resulted from the ability of the corporation to find a market for its products at prices which would net a profit rather than from the contract itself.

In accordance with the above *conclusion, your claim for the abatement of $2,375.49 will be rejected.*

Any further communication relative to this case should bear the symbols IT: E: SM—SBD-8603.

Respectfully,

J. G. BRIGHT,
*Deputy Commissioner.*

Copy to Marwick Mitchell.
L. A. Beeghly.
(Italics ours.)

8. The taxpayer appealed to this Board by petition filed December 22, 1924, and contends that the above-quoted letter of November 4, 1924, constitutes notice of the final determination of the Commissioner respecting this additional tax for the year 1917 and that its appeal properly lies therefrom. The Commissioner moved to dismiss the petition of the taxpayer and argued as grounds for his motion, that the letter dated November 4, 1924, is not such a letter as gives taxpayer the right to maintain his appeal to this Board, because that letter constitutes a refusal of the Commissioner to allow the claim of the taxpayer for an abatement of the taxes assessed against it; that the additional tax due from the taxpayer, as was disclosed in a letter mailed to the taxpayer under date of July 27, 1923, was assessed in December of 1923, and that this assessment was made after an opportunity for filing an appeal had been given the taxpayer and after an appeal had, in fact, been made; that the refusal of the Commissioner to allow the taxpayer's claim for abatement of the additional tax assessed against it for the year 1917 is not equivalent to a proposed deficiency assessment so as to bring the action of the Commissioner before this Board for review.

DECISION.

The motion of the Commissioner to dismiss the taxpayer's petition is denied.

OPINION.

KORNER: In view of the decisions of this Board in *Mitchel's Appeal,* 1 B. T. A. 143, *Garneau's Appeal,* 1 B. T. A. 75, and *Ter-*

*minal Wine Company's Appeal*, 1 B. T. A. 697, the fundamental and underlying question first for consideration is whether there was a final determination of a deficiency, under the provisions of section 250(d) of the Revenue Act of 1921, before the making of the assessment referred to in the findings of fact. If there was not, then we are of opinion that the assessment was erroneous, mistaken, and not pursuant to law, and may be ignored in this appeal in so far as it may be argued to be an evidence of a prior determination. *Mitchel's Appeal*, *supra*. Under such circumstances the abatement claim filed and the argument and data in support thereof, constituted only a supplement to the taxpayer's appeal. An assessment in form having been listed and forwarded to the collector for collection, the exigencies of the situation necessitated a claim for abatement— otherwise the benefits of the taxpayer's appeal would be lost to it because, notwithstanding its pending appeal, payment might be enforced by the collector.

The record discloses that taxpayer received a registered letter dated December 18, 1922, advising it of a proposed additional assessment and granting 30 days for an appeal therefrom. The taxpayer did so appeal within 30 days and asked for a hearing. In its appeal it set up three grounds as a basis for its contention. One of these grounds was a request for special assessment under section 210 of the Revenue Act of 1917. The taxpayer was not accorded a hearing nor given an opportunity to present and argue the main points on which it relied in its appeal, viz, the admissibility of certain contracts for invested capital purposes and the deduction of depreciation thereon. In the absence of such hearing, and presentation of its case by the taxpayer, the Bureau recomputed the tax by applying section 210 of the Revenue Act of 1917 and notified the taxpayer by registered letter dated July 27, 1923, of its proposal to assess the deficiency shown by this latter letter. The taxpayer was advised that a period of 30 days would be granted in which to appeal from this letter of July 27, 1923.

Counsel for the Commissioner argued that in so far as the letter of July 27, 1923, granted the taxpayer an appeal, it was a nullity because only one appeal is provided for by section 250(d) of the Revenue Act of 1921, and that the appeal filed on January 11, 1923, from the assessment letter of December 18, 1922, constituted the only appeal of the taxpayer.

It was further argued that, pursuant to the appeal of January 11, 1923, the Commissioner finally determined the deficiency in accordance with section 250(d).

With this position we are unable to agree. To do so would be to ignore a portion of section 250(d). That section provides for notice to taxpayer of a proposed additional assessment from which the taxpayer may appeal. The section then continues:

Opportunity for hearing shall be granted and a final decision thereon shall be made as quickly as practicable. Any tax or deficiency in tax *then determined* to be due shall be assessed * * *. (Italics ours.)

The obligation on the Commissioner to grant an opportunity for hearing is no less binding than that requiring him to make a decision thereon as quickly as practicable.

It appears that although the taxpayer requested a hearing, none was had. The record does not disclose that the principal basis of

taxpayer's appeal was given consideration at that time. The subsequent events, as well as the communications from the Bureau to the taxpayer, disclosed by the record, indicate that consideration of these contentions occurred only after the so-called assessment. We do not deem it necessary to review at length the chronology of events transpiring in the progress of this case through the Bureau. We believe the findings of fact present this graphically. We are of opinion that the so-called first appeal was not finally closed in accordance with section 250(d) of the Revenue Act of 1921, but that the principal contentions of the taxpayer raised in that appeal were constantly before the Bureau and under consideration by it until the fall of 1924, when they were finally determined adversely to the taxpayer. The picture presented by the record in this appeal leads irresistibly to this conclusion.

Since the appeal filed by the taxpayer was not finally determined in accordance with section 250(d) of the Revenue Act of 1921, it follows that the assessment made on December 9, 1922, was made by mistake. It then becomes unnecessary to decide what was the effect of the assessment letter of July 27, 1923. It is sufficient to say the appeal of the taxpayer was pending in the Bureau from January 11, 1923, until its final determination, of which taxpayer was notified by Bureau letter of November 4, 1924. Taxpayer's appeal therefrom to this Board is controlled, in our opinion, by the rule in the *Appeal of Ormsby McKnight Mitchel,* 1 B. T. A. 143.